OB8AHuiC

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x

3  QIANG JAY HUI,

4              Plaintiff,

5         v.                              24 Civ. 6788 (GHW)

6  FEDERAL RESERVE BANK OF NEW
   YORK,
7                                         Remote Conference

8              Defendant.

9  ------------------------------x
                                          New York, N.Y.
10                                        November 8, 2024
                                          4:03 p.m.
11
   Before:
12
                   HON. GREGORY H. WOODS,
13
                                          District Judge
14
                          APPEARANCES
15
   BROWN KWON & LAM, LLP
16      Attorneys for Plaintiff
   BY:  WILLIAM BROWN
17      CLARA LAM

18 FEDERAL RESERVE BANK OF NEW YORK
      Attorneys for Defendant
19 BY:  ALEX LEONARD

20

21

22

23

24

25

OB8AHuiC

1          THE COURT:  I'm going to begin by taking appearances

2    from the parties.  To the extent that there is more than one

3    lawyer on the line for any party, I would like for the

4    principal spokesperson for that party to identify him or

5    herself and the members of their team.

6          Let me start with counsel for plaintiff.  Who is on

7    the line for plaintiff?

8          MR. BROWN:  Good afternoon, your Honor.  This is

9    William Brown from Brown Kwon and Lam.  Also Clara Lam for the

10   plaintiffs.

11         THE COURT:  Thank you.

12         MS. LAM:  Good afternoon, your Honor.

13         THE COURT:  Thank you.

14         Who is on the line for defendant?

15         MR. LEONARD:  Good afternoon, your Honor.  This is

16   Alex Leonard for defendant Federal Reserve Bank of New York.

17         THE COURT:  Thank you.  I'm going to begin with a few

18   brief instructions about the rules that I would like the

19   parties to follow during today's conference.

20         At the outset, please remember this is a public

21   proceeding.  Any member of the public or press is welcome to

22   dial into this call.  I am not monitoring whether third parties

23   are auditing the call, but they're welcome to do so, so you

24   should keep that possibility in mind.

25         Second, please state your name each time that you

OB8AHuiC

1    speak.  You should do that even if you have spoken previously.

2              Third, please keep your phones on mute at all times,

3    except when you are intentionally speaking to me or to the

4    representative of a party.

5              Fourth, please abide by instructions from our court

6    reporter that will help her do her job.

7              And, finally, I am ordering that there be no recording

8    or rebroadcast of all or any portion of today's conference.

9              So, counsel, with all of that out of the way, let's

10   turn to the substance of today's proceeding.

11             Counsel, this was scheduled as an initial pretrial

12   conference with respect to this matter.  I also scheduled it as

13   an opportunity to discuss a potential motion to dismiss

14   suggested by counsel for defendant.  So my agenda is as

15   follows:

16             First, I'm going to give each of the parties the

17   opportunity to describe any legal or factual issues that you

18   would like to bring to my attention about the case as a general

19   matter.  In that portion of my agenda, I expect to look first

20   to counsel for plaintiff to tell me anything that you may wish

21   to tell me.

22             Second, I'll turn to counsel for defendant.  At that

23   point, I'll hear from counsel for defendant regarding any

24   potential arguments that you would like to advance on a motion

25   to dismiss, and we will discuss the motion to dismiss.

OB8AHuiC

1          The second part of my agenda would involve a

2     discussion of the process that we would be using to conduct

3     discovery in the case looking to the parties' case management

4     plan and scheduling order.

5          And, finally, I hope to discuss what if anything I can

6     do to help the parties resolve the case amicably.  So that's my

7     agenda.

8          With that established, let me start with counsel for

9     plaintiff.  What would you like to tell me about the case?

10     MR. BROWN:  Thank you, your Honor.  So this is a Title

11     VII claim.  I represent an individual who worked for a period

12     of nine years with the Federal Reserve Bank of New York, had a

13     very strong record during that time period.  He had a technical

14     issue with his laptop, caught fire while he was working.  He

15     reported it to the Federal Reserve's IT department.

16          For some reason, this triggered a full on

17     investigation, involving an interview with a Mr. Amenta, who

18     works in the security department for the Federal Reserve.  And

19     the allegations in the complaint are that there was racial

20     profiling involved in this interview process into my client's

21     Chinese background.  He was born in the People's Republic of

22     China.  He is a United States citizen.  He's been here for a

23     pretty long time.

24          The complaint alleges that the line of questioning was

25     entirely inappropriate, asking questions about whether he can

OB8AHuiC

1    be influenced, if he had any contact with the PRC, questions

2    that would not have been asked of someone who was not of my

3    client's background.

4        My client ultimately became very uncomfortable with

5    these questions and expressed that he felt that they were

6    discriminatory, and that resulted in the interview being

7    immediately concluded, his work phone being confiscated, and

8    being told to leave the premises.

9        Two weeks later, he was terminated.  So the complaint

10   essentially alleges that his termination was on the basis of

11   his race and national origin in violation of Title VII.

12       With respect to the motion, I've had a number of

13   discussions with Mr. Leonard and as indicated in the response

14   to his premotion letter, I provided a copy of the letter from

15   the EEOC.  This is with respect to the claim that the complaint

16   was not filed timely after the right to sue letter was issued

17   in the EEOC, since apparently there were two right to sue

18   letters issued.  I supplied a letter to Mr. Leonard from the

19   EEOC stating that that first right to sue letter was issued in

20   error and was being rescinded.  There was a second right to sue

21   letter on June 10th.  The complaint was filed timely after the

22   issuance of that second right to sue letter.  My understanding,

23   based on the conversations with Mr. Leonard, is that he is not

24   going to pursue that part of the motion, if there is a motion

25   that is filed.  And we also discussed amending the complaint,

OB8AHuiC

1    and that's also reflected in both a joint letter and also the

2    response to the premotion letter to add an additional claim

3    that in the alternative to vicarious liability with respect to

4    Mr. Amenta's conduct, it would be also a claim of negligence

5    for adopting the findings and not addressing claims of

6    discrimination during that interview process.

7              So it's possible that we may be able to avoid motion

8    practice.  I was planning on sending a copy of the proposed

9    complaint for some discussions sometime this week, but

10   unfortunately, based on my schedule, I was somewhat delayed.

11   So I'm hoping to get that to him later today.  If not, then

12   over the weekend.  So hopefully we can avoid motion practice.

13   But if not, it will be far more limited in the scope than what

14   was anticipated in the original letter.

15             THE COURT:  Thank you.

16             So let me hear from counsel for defendant.  Counsel?

17             MR. LEONARD:  Thank you, your Honor.

18             So, your Honor, this is a case by a former employee of

19   the Federal Reserve Bank of New York who reported that his

20   laptop spontaneously caught fire.  But the manufacturer,

21   Hewlett-Packard, conducted a forensic investigation which

22   plaintiffs have, and concluded that instead someone had

23   punctured the battery, causing it to ignite.

24             Mr. Hui also returned a second laptop, which had

25   multiple indents that looked like the puncture that set the

OB8AHuiC

1    first one on fire.  Mr. Hui has never able to explain these

2    punctures or the inconsistency with the forensic report.

3          Your Honor, this obviously raised significant

4    information security concerns and questions about violations of

5    multiple policies for the New York Fed, which is part of United

6    States Central Bank, and as such, has very strict security

7    controls because of sensitive information that is handled.

8          Your Honor, this case is a little peculiar because

9    Mr. Hui's entire account is of a legitimate investigation into

10   severe damage to two of his laptops.  This isn't a case where

11   Mr. Hui alleged any discrimination at all, except for when he

12   asserts occurred during one interview during this

13   investigation.

14         But, you know, the entire complaint is really based on

15   Mr. Hui's assumption of discrimination.  He basically provides

16   the legitimate nondiscriminatory reason for his termination in

17   the complaint, but there speculates some alternative

18   discriminatory reason.  But the supposed discrimination is

19   barely described at all.  Mr. Hui doesn't allege one thing

20   Mr. Amenta actually supposedly said.  At one point, the

21   complaint actually states in paragraph 23 that the allegation

22   "goes without saying," which could not be more conclusory.  He

23   does wish to amend his complaint.  So the New York Bank is

24   unable to state exactly on which grounds it will move to

25   dismiss.  I was hoping to take a look before this conference,

OB8AHuiC

1    but, you know, it wasn't provided to me.

2              But one thing that was not covered that Mr. Hui has

3    rightly agreed to withdraw his state and local claims.  And we

4    also believe no matter what the amendment is, Mr. Hui will be

5    unable to state a claim for hostile work environment.  Mr. Hui

6    has discovery from the EEOC in this case, including the HP

7    report, including affidavits from the two folks that

8    interviewed him.  And I think it's clear there will be no facts

9    to support the account of this single meeting.  So instead,

10   he's attempting to bring a hostile work environment claim to go

11   on some sort of fishing expedition in discovery.

12             THE COURT:  Thank you.

13             Let me just ask, we'll get there, but I understand

14   that he's also claiming, counsel, that he was retaliated

15   against, and that his termination was the result of

16   discrimination.  If that's right, would a motion to dismiss

17   hostile work environment claims have any effect on the scope of

18   the discovery in the case?

19             MR. LEONARD:  So thanks for the question, your Honor.

20             So on retaliation, I mean, again, the complaint barely

21   has any facts at all.  It says I think the full of it is it

22   says that Mr. Hui voiced his concerns of the insinuation that

23   he was acting as a Chinese foreign agent was discriminatory.

24   Again, there's nothing about what actually was said that was

25   discriminatory.  His -- I know it's not in the course right

OB8AHuiC

1    now, your Honor, but his administrative complaints tellingly

2    made no mention of this.  And months later, it's in this

3    complaint.

4            But to answer your question, you know, I think there

5    was some discussion in the letters about, you know, anything in

6    the interview and whether that could be the basis of

7    retaliation.  I think, you know, obviously termination is a

8    change in conditions of employment.

9            I do think, though, that discovery here, if it goes

10   forward, you know, if they're clear, this is all about what

11   happened in this one interview.  So I think that discovery here

12   should be, you know, limited to the facts surrounding that

13   interview.  And a hostile work environment claim is really a

14   claim about the work environment, and, you know, Mr. Hui is

15   clear in his complaint that Mr. Amenta, who was an independent

16   investigator from a different part of the bank, had nothing to

17   do with his work environment.

18           THE COURT:  Thank you.

19           Good.  So let's talk about appropriate next steps

20   here.  Counsel, I have heard that counsel for plaintiff would

21   like for the Court to grant him leave to file an amended

22   complaint assuming that the parties have not agreed to do so.

23   Let me hear from the parties.  Have the parties agreed that

24   there will be an amended complaint or are you anticipating that

25   there will be an agreement, or is this an application to the

OB8AHuiC

1    Court for leave to amend?

2             MR. BROWN:  My understanding is that there wouldn't be

3    an objection to the amendment, but Mr. Leonard would have to

4    confirm that.

5             MR. LEONARD:  Well, again, your Honor, I haven't seen

6    the proposed amended complaint.  I think, you know, in

7    principle there's not an objection.  However, I do expect that

8    at least on the hostile work environment claim there is an

9    amendment that would cause us not to move to dismiss that.

10            And I also just want to be clear it's our

11   understanding that plaintiffs have withdrawn their state and

12   local claims so would be removing those from any amended

13   complaint.

14            THE COURT:  Thank you.  Good.

15            So let's talk about next steps here.  The parties wish

16   to agree to amend the complaint.  Of course Rule 15 gives you a

17   leave to do that without court order.  If the parties do agree

18   to amend the complaint, as a procedural matter, I would

19   encourage you to submit a letter to the Court noting the

20   parties' agreement.  That letter should attach a black line

21   showing the changes to the complaint so that I can see what

22   changes have been made.

23            So, counsel, a request was made here for leave to file

24   a motion to dismiss the existing complaint.  My expectation is,

25   given what I've just heard from the parties, is that you would

OB8AHuiC

1    like for me to continue to extend the deadline for the

2    defendant to answer or otherwise respond to the existing

3    complaint with the expectation that an amended complaint will

4    be filed.  Is that correct?  And, if so, I would like to set

5    some dates by which I would expect that either a response to

6    the existing complaint would be filed or by which amended

7    complaint would be filed.

8            Let me hear from the parties about your proposals for

9    each of those things.  Starting with counsel for defendant.

10   Counsel?

11           MR. LEONARD:  Thank you, your Honor.  So, again, in

12   discussions with plaintiff's counsel, they had proposed to file

13   any amended complaint by a week from today I believe.  And at

14   that point, you know, it was our intention to confer on a

15   potential briefing schedule on a motion to dismiss.  You know,

16   obviously if your Honor sets dates here today, you know, we're

17   prepared to do that.

18           THE COURT:  Thank you.

19           That's fine.  We'll address any potential motions for

20   the future complaint in the future.  But for now, I'm extending

21   the deadline for defendant to answer or otherwise respond to

22   the existing complaint to November 25.  And I'm granting

23   defendant leave to file a motion to dismiss with respect to the

24   existing complaint consistent with a letter should we get to

25   that date and no amended complaint has been filed.  Of course,

OB8AHuiC

1    if an amended complaint is filed, the deadline for defendant to

2    answer or otherwise respond to the amended complaint will be as

3    established in the Federal Rules, 14 days following the date of

4    service of the amended complaint.

5         Good.  So, counsel, let me hear from you about

6    appropriate next steps here.  I, frankly, don't know whether

7    and to what extent any potential motion practice with respect

8    to the anticipated complaint would affect the scope or nature

9    of discovery in the case.

10        As a consequence, I don't know to what extent this

11   potential motion will affect the discovery schedule in the

12   case.  And whether it will affect how we should go about

13   setting the schedule for discovery during this conference.

14        Let me hear each of the parties' views on that suite

15   of questions.  Starting with counsel for plaintiff.  Counsel?

16        MR. BROWN:  Thank you, your Honor.  Our position is

17   that in anticipation of the complaint being amended, which we

18   expected to do so, that the motion, if there is a motion filed,

19   would just be limited to the hostile work environment claim.

20        So we don't see any real compelling reason why

21   discovery should be put on hold for a partial motion to dismiss

22   on a cause of action, which essentially, in our view, the

23   underlying facts are more or less not duplicative of the claims

24   that are not being subject to a potential motion.

25        THE COURT:  Thank you.  Good.

OB8AHuiC

1          Counsel for defendant, let me hear your views.

2          MR. LEONARD:  Thank you, your Honor.

3          So just to be clear, you know, there were other bases

4     on which, you know, in our letter we intended to move against

5     the current complaint.  Without seeing the new one, it's sort

6     of impossible to say whether there will be here the bases that

7     we thought or grounds for dismissal.  So it may not be limited

8     to hostile work environment.

9          I would just say, your Honor, again, to emphasize

10    that, you know, plaintiff in this case have a lot of discovery

11    from EEOC.  They have the HP report.  They have the list of

12    questions actually used by the interviewers.  They have

13    detailed affidavits from the interviewers.  And so, you know, I

14    think it really appears -- and plaintiff's position on

15    negotiations is that they want to wait until after depositions,

16    where we're willing to negotiate now.  It really does feel like

17    a fishing expedition here, your Honor.  And for that reason,

18    and for efficiency's sake, you know, we think discovery should

19    wait until after the case is either dismissed in its entirety

20    or narrowed down.

21          THE COURT:  Thank you.  Good.

22          So, at this point, I don't have good cause to stay

23    discovery.  Rule 26(c) of course provides the Court with the

24    authority to stay discovery upon a showing of good cause.  It

25    is not the default rule that the filing of a motion to dismiss

OB8AHuiC

1    justifies the imposition of a stay.  There are a number of

2    factors the Courts consider in the context of evaluating an

3    application to stay, which include, among other things, we'll

4    call it merit of the proposed motion to dismiss and of course

5    its scope; the burden of discovery and the prejudice to the

6    party opposing a stay.  At this point, I do not have enough

7    information to conclude that there is good cause to stay the

8    case pending briefing and resolution of the potential motion.

9    So I'm denying the request without prejudice to renewal.

10          As I understand it now, the argument that the case is

11   time barred will not be presented to the Court.  I do not have

12   a reason to discount plaintiff's contention that they believe

13   that the amended complaint will resolve the purported

14   deficiencies in the existing complaint with respect to all that

15   potentially HWE claims.

16          As to the HWE claims, as I asked counsel for

17   defendant, it is not clear to me how a partial motion to

18   dismiss that set of claims would at all affect the scope or

19   nature of discovery in the case.  Indeed, it may, if that is

20   the only claim that a party would move to dismiss, be that a

21   decision might be made not to the bother moving given that it

22   will not limit or advance the scope of the litigation or

23   simplify it in any way.  Rather, it might just increase the

24   amount of work for the parties and the Court without

25   substantial benefit in terms of narrowing the issues or

OB8AHuiC

1    reducing the work by the parties, instead of actually just

2    creating more work without narrowing the issues.  That will be

3    explored by the parties in discovery.

4            So in any event, at this point, I do not have

5    sufficient showing to justify a finding of good cause to stay

6    discovery in the case.  But again, I'm making this decision

7    without prejudice.  And as a result, either party is welcome to

8    move to renew the application or to make the application, and I

9    will assess it once I understand better the nature of the scope

10   of the proposed motion to dismiss if the defendant chooses to

11   bring one after assessing whether it will help streamline the

12   issues in the case.

13           So with that out of the way, let's turn to a

14   discussion of the schedule for litigating the case.  I've

15   looked at the party's proposed case management plan and

16   scheduling order.  What I want to do now is set a series of

17   deadlines that the parties should be expected to meet should

18   you be acting diligently.  So that is my project now.

19           I'm going to turn first to counsel for plaintiff to

20   hear from you about what you expect from discovery in the case.

21   Both parties should keep in mind that my goal is to set a

22   series of deadlines, again, that the parties can be expected to

23   meet.  I will hold you to these deadlines.  So if there are any

24   concerns about your ability to meet these deadlines, please

25   feel free to raise those concerns now.  What is most important

OB8AHuiC

1    for me is to set a schedule that the parties can meet.

2         Let me start with counsel for plaintiff.  What are

3    your expectations for the conduct of discovery here?

4         MR. BROWN:  Thank you, your Honor.

5         So Mr. Leonard is correct in that we did receive some

6    documents that were provided to the EEOC.  This firm didn't

7    represent the plaintiff during the EEOC proceeding.  We took

8    over representation subsequently.  But we did receive those

9    documents.  But in our view, it's, while helpful, you know,

10   from an initial standpoint, it's nowhere near a complete set of

11   documents that we would expect at the completion of discovery.

12   So there are certain types of documents, including any

13   investigation that was done by the Federal Reserve itself, and

14   to any purported damages to the laptop, any internal

15   communications involving this investigation, and of course we

16   would expect the depositions of the two individuals that were

17   present as well as any human resources personnel that was

18   involved and the plaintiff's supervisor.  So we would expect

19   approximately four depositions, some e-discovery and some

20   additional documentation relating to, as I mentioned, the

21   damage to the laptop.

22        So I wouldn't -- the one positive thing about the

23   allegations here is that it involves a very limited time

24   period.  This isn't something that involves years into

25   someone's employment.  We're really focusing on what happened

1  during this investigation as well as some general documentation

2  about plaintiff's performance during his tenure at the Federal

3  Reserve.  So we don't expect a highly intensive amount of

4  discovery.  And we believe that the schedule that the parties

5  agreed to in the case management plan would be sufficient for

6  us to conclude discovery in a timely manner.

7            THE COURT:  Thank you.  Good.

8            Let me hear from you, counsel for defendant.

9            MR. LEONARD:  Thank you, your Honor.  And I appreciate

10  counsel's statements there that we're looking at a limited time

11  period and a limited event here.  So perhaps we won't have such

12  disagreements about discovery, setting aside some of the

13  particulars about which individuals should be deposed.

14            But in terms of, you know, I think we would be looking

15  also for information from plaintiff.  You know, he's alleged

16  emotional distress.  We do have in the case management plan him

17  to provide HIPAA releases, so we would expect that.  It also

18  seems clear to us, that as I stated, a lot of this is just

19  based on plaintiff's suppositions that are not borne out by

20  facts.  So anything that would go to plaintiff's -- plaintiff

21  having sort of an illogical overreaction to a routine

22  employment interview I think would be relevant here, including

23  any past experiences of discrimination and the like.

24            THE COURT:  Very good.  Thank you.

25            Any concerns about the parties' ability to complete

1   this work within the time period that's established in the

2   proposed case management plan and scheduling order?  First,

3   counsel for plaintiff.

4           MR. BROWN:  Barring any unforeseen circumstances, I

5   believe that the times set forth in the proposed case

6   management plan should be sufficient.

7           THE COURT:  Thank you.

8           Counsel for defendant?

9           MR. LEONARD:  Yes, your Honor.  Same for defendant.

10  We conferred, and we're comfortable with these deadlines.

11          THE COURT:  Good.  Thank you.  So that's very good.

12  Thank you all.

13          So I am going to just say a few brief words about the

14  case management plan and scheduling order that the parties

15  presented to the Court.  I think that the deadlines that the

16  parties have proposed are reasonable given the nature of the

17  issues presented in this case.  I'm going to adopt them as they

18  have been provided to the Court.  I would like to spend a few

19  moments talking with you about my expectations for the conduct

20  of discovery in the case in light of the case management plan

21  and scheduling order.

22          The first thing that I want to do is just to emphasize

23  what I've already told you.  Namely, that the deadlines in the

24  case management plan and scheduling order are real deadlines.

25  They are deadlines for completion of fact and expert discovery.

OB8AHuiC

```
 1    You will see that in the relevant paragraphs in the case
 2    management plan and scheduling order; that is, paragraph 7(a)
 3    and 8(b).  I say that the relevant category of discovery shall
 4    be completed by a specific date.
 5           That is an intentional choice of words by me.  I chose
 6    the word "completed" because it reflects my expectation that,
 7    indeed, discovery will be completed by those dates.  By
 8    completed, I mean that there will not be more of it after those
 9    dates.  There are a number of corollaries that flow from the
10    basic rules that these are deadlines of completion of
11    discovery.  You can figure out what they are yourselves.  I'm
12    just going to highlight two of them now.
13           First, to the extent there's any concern about the
14    adequacy or timeliness of your adversary or any third parties'
15    response to a discovery request, you should bring that to my
16    attention promptly so I can help you get and use the responsive
17    materials during the discovery period.  Do not think that the
18    deadlines for completion of fact and expert discovery are
19    instead the dates on which you can bring discovery disputes to
20    the Court's attention and after which we will mitigate those
21    disputes.
22           That is not my expectation.  Again, these are the
23    deadlines for completion of discovery.  So if you sit on or
24    horde discovery disputes until late in the discovery period,
25    much less after, you should not expect that I will help you get
```

OB8AHuiC

1    the responsive materials.  You should instead expect that you

2    will have to proceed to summary judgment, if appropriate, and

3    trial without the materials.  So, again, please bring any

4    concerns about the adequacy or timeliness of a discovery

5    response to my attention promptly so you can get and use the

6    materials during the discovery period.  Do not view these as

7    notional guideposts or the dates on and after which we will

8    mitigate discovery issues.  That is not what these deadlines

9    mean.

10         The second corollary that I want to highlight is a

11   very simple one, but maybe worth some brief comment.  It is

12   this:  Because these are deadlines for completion of discovery,

13   you should take that into account as you're conducting

14   discovery in the case.  I'll give you a simple example.

15         In the case management plan and scheduling order, the

16   parties have given themselves up until March 10, 2025 to

17   complete depositions.  That is the last day of fact discovery,

18   and that will be perfectly acceptable under the case management

19   plan and scheduling order.  You may take a deposition on the

20   last day of fact discovery.  You must understand, however, that

21   if you choose to wait and take a deposition on the last day of

22   fact discovery, you will not be able to conduct follow-up

23   discovery with respect to any information that you learn during

24   that deposition.  That's because that will be the last day of

25   fact discovery and there will be no window for you to conduct

OB8AHuiC

1    follow-up discovery.

2            So please use this example as a model as you're

3    scheduling depositions and making discovery requests.  If you

4    wait to take a deposition or to make a request for information,

5    you will be leaving yourself less time for follow-up discovery.

6    Just be mindful of that and take that into account as you're

7    scheduling your procedures.

8            All of these are real deadlines.  I highlight in

9    particular the deadlines in paragraph 8(c), which are the

10   deadlines for expert discovery.  I want to flag a number of

11   things about that paragraph.  First off, you must provide all

12   of the requisite disclosures under Rule 26(a)(2) by the dates

13   that are specified there.  I highlight in that preceding

14   sentence the words "all of" because you have to provide all of

15   them by those dates.  It is not sufficient for you merely to

16   provide your expert's name by those dates.  Instead, you have

17   to provide her name, if applicable her report, her list of

18   prior testimony, and all of the other information required

19   under Rule 26(a)(2) by the date specified in paragraph 8(c).

20   If you fail to provide all of the requisite disclosures by

21   those dates, you should not expect that your witness will be

22   permitted to provide expert testimony in the case.

23           Please think carefully about whether the testimony of

24   any witness is expert in nature.  If your witness's testimony

25   is expert in nature, you must provide the requisite disclosures

1    by those dates.  So it may be that you have a witness who in

2    part is a fact witness, but part of their testimony is expert

3    in nature.  In the absence of timely disclosures, your witness

4    will be limited to that kind of testimony that a fact witness

5    can provide.  So think carefully about the nature of the

6    testimony that you may seek from every person.

7            The other thing that I want to highlight is that you

8    should not believe that treating physicians or treating

9    healthcare providers or the like are fact witnesses.  They may

10    be fact witnesses.  But that does not mean that they can

11    provide expert testimony in the absence of disclosures.  So

12    please be very careful about this issue.  The Federal Rule has

13    changed.  It is no longer the case that a treating physician or

14    other healthcare provider, mental health provider, can be

15    allowed to testify about things that are expert in nature

16    without providing the expert disclosures.  So that is I think

17    the law generally, although there is some law out there that I

18    think is based on pre-2010 rules.  But it is definitely the law

19    for this case.

20            Do not expect that a treating physician, healthcare

21    providers, psychologist or psychiatrist can testify as an

22    expert in this case without providing the disclosures and

23    without providing them by the dates that are required under the

24    rules.

25            Last, I simply ask you to think carefully about the

OB8AHuiC

nature of the testimony that your witnesses are going to

provide with an eye to an assessment of whether or not a report

is necessary.  As you know, there are required disclosures for

experts who do not provide reports under Rule 26(a)(2).  If you

make a decision that an expert need not provide a report, do

not forget to provide all of the other disclosures required by

Rule 26(a)(2) by the dates specified in paragraph 8(c).

Remember, too, that there are limits on the scope of

testimony that an expert can provide in the absence of a

report.  So think carefully before these deadlines about the

scope of the testimony that you want your witness to provide,

and be mindful that if you choose not to provide a report, I

will not let you expand the scope of your expert's testimony

beyond that which is permitted in the absence of a report if

you fail to provide the report by the date specified in

paragraph 8(c).  So please think carefully about experts

generally and expect that I will hold you to the rules with

respect to them and their disclosure obligations.

I will grant extensions of these deadlines, but only

for good cause shown.  At the heart of showing of good cause is

a showing of diligence.  So what that should mean for you is

that I will not grant an extension of time merely because both

of you think it will be helpful.  I will scrutinize your

request to make sure that there is indeed good cause and to see

that you have indeed been diligent in your litigation of the

OB8AHuiC

1    case.

2            As a consequence, you should make professional

3    judgments about the amount of resources that you want to invest

4    in the case, and you should expect that I will ask you to live

5    with those decisions.  If for whatever reason you choose not to

6    focus on this case because you're busy with other cases or you

7    want to do other things with your personal life or whatever it

8    may be, you should not expect that that will lead me to

9    conclude that you should be gifted with additional time.

10   Instead, again, you should expect that I will ask you to live

11   with the consequences of your decisions.

12           So I will scrutinize requests for extensions of time.

13   You should not expect that I will grant one merely because both

14   parties would like to have one.

15           Similarly, while I very much hope that the parties

16   will be able to resolve this dispute, my expectation is that

17   your settlement discussions will happen in parallel with your

18   efforts to litigate the case.  Put more concretely, settlement

19   discussions do not stay the discovery deadlines.  Only an order

20   from the Court will do that.  So if you choose not to do the

21   work because you think or hope that the case will settle and it

22   does not settle, you should not expect that I will grant an

23   extension of the deadlines.  Again, as with my prior comments,

24   you should make a professional judgment about whether or not

25   you want to stop working because you think that there's a

OB8AHuiC

1   settlement, that a settlement is on the horizon.  Because if

2   you choose to do so, you should not expect that I will give you

3   extra time in the event that your assessment of the likelihood

4   of settlement is inherent.

5          So I think that's it.  I'll enter the case management

6   plan and scheduling order.  It will govern your conduct going

7   forward.  I understand that the parties are not interested yet

8   in assistance with your settlement discussions.  That's fine.

9   The one thing I would say is I would be happy to refer you to

10  our excellent mediation program or to the assigned magistrate

11  judge for assistance in discussing a potential settlement.  But

12  keep in mind that because the discovery clock is ticking, you

13  should probably ask me sooner rather than later to enter the

14  reference if you want to one.  But that will allow the

15  mediation program or the magistrate judge to schedule a

16  mediation session at a time that will work well for you.

17         So I think that's all that I have.

18         Yes, go ahead.

19         MR. LEONARD:  Your Honor -- I'm sorry.  I didn't mean

20  to interrupt your Honor.

21         THE COURT:  That's fine.

22         MR. LEONARD:  So this is Alex Leonard again for the

23  defendant.  Just on the settlement point, your Honor, like I

24  said at the beginning, New York Fed is always willing to

25  negotiate.  I talked with prior counsel at the EEOC.  We had a

OB8AHuiC

1    gap that maybe could have been bridged, but our understanding

2    is that the ball is in plaintiff's court on this one because

3    they have now said they don't intend to negotiate.

4              THE COURT:  Thank you.  I appreciate your open

5    mindedness.  I think it is always a very good idea for parties

6    to talk about a resolution.  Money that might otherwise be

7    spent on a settlement can instead be put to -- will instead be

8    spent on litigating the case.  So it makes a lot of sense, from

9    my perspective, for the parties to talk about a settlement

10   early rather than investing energy and money in a process that

11   may not yield a better financial result.

12             So, counsel for plaintiff, is there anything that I

13   can do at this point that would help the parties work to

14   resolve the case?

15             MR. BROWN:  Your Honor, just to clarify one point.

16   This is William Brown for the plaintiff.

17             We have had some settlement discussions after the

18   filing of the complaint.  My discussions with the client are

19   very different than my understanding of the discussions that

20   took place during the EEOC.  And, again, my understanding of

21   the gap between the parties' respective positions is much

22   greater than maybe where during those prior discussions.

23             Just like defendants, we are always open to

24   resolution.  We hope to resolve this case.  It's just that

25   given the size of the gap, I do believe that maybe having the

1  advantage of some additional information in discovery may be

2  able to better frame the issues and result in more productive

3  discussions.

4         But again, were not in any way saying that we're not

5  open to discussions.  We're very open to continued discussions.

6  It's just my viewpoint that it might be a little premature

7  given how large the gap is currently.

8         THE COURT:  Thank you.

9         I leave it to the parties and your good counsel to

10 figure out what makes the most sense here.  For what it's

11 worth, my understanding of the facts here, that much of the

12 dispute comes from what happened at and around this interview.

13 It may be that there's some smoking gun document that would be

14 helpful or harmful to somebody's case out there.  But it seems

15 to be the kind of case where much of what the parties need to

16 know in order to decide what happened and to evaluate the

17 likelihood of success is probably or may be known now.  The

18 parties should make their own assessment of a likelihood that

19 the picture will be clarified as a result of the investments

20 that you're going to make in discovery.

21        I don't ultimately have a position.  These are your

22 judgments to make.  But given the nature of the dispute here

23 and the fact that the plaintiff in particular was there for the

24 incident involving the interview and the incidents involving

25 the laptop, this seems to be a case where the parties might be

OB8AHuiC

1    well advised to work toward a resolution sooner rather than

2    later.  But these are questions for you.  I just encourage the

3    parties to continue to talk.

4               MR. BROWN:  Your Honor, if I may.  This is William

5    Brown again.  I will speak with my client again.  I expect to

6    speak with him very soon regarding amendment of the complaint

7    and I'll confer with Mr. Leonard.  And if our position changes,

8    I'll certainly let you know very soon, if it may be a referral

9    to magistrate or to the mediation program would be helpful.

10              THE COURT:  Very good.  Thank you.  I would appreciate

11   that.  And this may be a case where referring to the magistrate

12   judge will be helpful.

13              Very good.  Thank you all very much.  This proceeding

14   is adjourned.

15              (Adjourned)

16

17

18

19

20

21

22

23

24

25