April 28, 2025

Qiang Hui
2223 Bouck Ave
Bronx, New York 10469
JayQHui@gmail.com
917-545-3592

Honorable Gregory H. Woods
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
**Courtroom:** 12C

Dear Honorable Judge Woods,

I, Qiang Hui, Plaintiff in Case No. **24-CV-6788 (GHW)**, humbly, with hat in hand, and respectfully submits this letter to seek your approval for a Motion to Seal Court Records for my case, which was settled on April 9, 2025.

I humbly ask for Your Honor's compassion, and consideration for the unique circumstances and the significant suffering and unwarranted harm my family has endured -- and will continue to endure -- absent an Order to Seal the court records:

• **Severe Professional Reputational Damage and Harm Due to Public/Internet Exposure**

Filing a lawsuit against my former employer was the most difficult and emotionally taxing decision of my life, but it was the only path I had to seek justice.

However, this decision had an unintended and profoundly negative consequence: the lawsuit became publicly accessible and easily searchable online. I was unaware that such personal and sensitive information would be so accessible to anyone by simply searching my name on the Internet.

Lawsuits against employers can carry lasting stigma, unfairly impacting the professional reputation and future prospects of employee-plaintiffs.

Courts have long recognized that reputational harm and the need to maintain confidentiality in employment disputes can justify sealing (see *Feffer v. Goodkind Wechsler Labaton & Rudoff*, 228 A.D.2d 174 [1st Dept. 1996]), particularly where disclosure could impair future employment opportunities (*Maxim, Inc. v. Feifer*, 145 A.D.3d 516 [1st Dept. 2016]).

1

**• Deep Personal and Family Financial Difficulty Due to Reputation Damage**

Because of this reputational damage, I have been unable to find employment for two years -- since my termination on May 15, 2023, despite my strong educational background and professional experience.

This public exposure has inflicted serious hardship on my family, including my minor children. We have faced immense financial difficulty, including:

- Being forced to withdraw my children from Catholic school;
- Accumulating significant debt;
- Falling into large arrears on child support obligations.

**Exhibit A:** Late Child Support Collection Notice.

**• Settlement Was Driven by Need to Remove the Case From the Public Domain**

Given the likelihood that litigation would extend for years -- and the acute challenges my family faces -- I did not have the resources to continue.

As such, I settled the case with my former employer. The Settlement Agreement, signed on April 9, 2025, expressly states that the former employer will not "oppose, object, or contest" this Motion to Seal.

The stipulated Settlement Agreement was filed with the Court, and the stipulated condition of the Agreement, is Paragraph 17, states:

> 17. The Bank agrees that if Hui files a Motion to Seal any court records related to the Federal Complaint, the Bank agrees not to oppose, object to, or contest Hui's Motion to Seal.

I seek the Court's understanding that my settling the case is driven by the consideration that my personal information and this private lawsuit need to be off the Internet so that my family and I can have a chance to move on.

**• No Effective Alternative to Sealing Court Records**

An alternative such as replacing my name with "Anonymous" or "John Doe" would not be effective.

2

My name already appears in public search results and has been indexed by over ten (10) legal case publication websites (e.g., Leagle, UniCourt), many of which refuse to remove information absent a formal court order to seal.

**Exhibit B: Leagle.com requirement for court order to remove information**
**Exhibit C: UniCourt.com requirement for court order to remove information**

Thus, concealing my name alone is insufficient. A sealing order is the only adequate remedy under these circumstances.

• **The Need for a Court Order to Seal Records**

For the above reasons, I humbly seek the Court's compassion and considering the unique circumstances, and the extraordinary hardship and ongoing harm my family is experiencing and will continue to experience without an Order to Seal.

Without such relief, my family and I face ongoing and irreparable injury, including:

- Permanent inability to secure employment

- Loss of income

- Severe hardship in supporting my children

Sealing the records will allow my family and I move forward and **avoid further injury that the Law did not intend.**

*I. LEGAL STANDARD FOR SEALING COURT RECORDS*

Under 22 NYCRR § 216.1(a), a court may seal records upon a showing of good cause, considering the interests of both the parties and the public.

1. Courts have recognized the importance of protecting confidentiality in employment disputes and preventing reputational harm (*Maxim*, 145 A.D.3d at 516).

2. Reputational harm and the need to maintain confidentiality in internal employment matters justify sealing (*Feffer*, 228 A.D.2d at 174).

3. Sealing encourages fair dispute resolution and protects privacy in sensitive employment and contractual matters (*Matter of Twentieth Century Fox Film Corp.*, 190 A.D.2d 483 [1st Dept. 1993]).

3

4. This case involves private employment-related issues that do not implicate public policy. The unnecessary public disclosure of such matters warrants sealing (*Crain Communications*, 74 N.Y.2d at 626).

5. Enforcing confidentiality agreements is a compelling interest. Courts routinely seal records containing confidential settlement terms (*Mosallem v. Berenson*, 76 A.D.3d 345 [1st Dept. 2010]).

6. The public interest in disclosure is minimal. Unlike cases involving public policy, this case concerns a private employment dispute (*Maxim*, 145 A.D.3d at 516).

7. The Motion is unopposed by the Defendant.

In light of these factors—and the real and disproportionate harm the Plaintiff and his family continue to suffer—good cause exists to seal the records.


*II. GOOD CAUSE EXISTS TO SEAL THE SETTLEMENT RECORDS*

Under 22 NYCRR § 216.1(a), sealing is appropriate where compelling reasons exist and the interests of justice require confidentiality.

Here, **unwarranted and disproportionate harm has resulted from public disclosure**, severely affecting the **welfare of not only the Plaintiff** but also **his family including minor-age children**.

These harms **are not intended by Law** which the **Plaintiff sought out to pursue justice in the first place**.

Courts have long recognized that reputational harm and the need to maintain confidentiality in employment disputes can justify sealing, particularly where disclosure could impair future employment opportunities.

This case involves **internal employment practices, disciplinary actions, and private settlement discussions -- all of which warrant confidentiality**.

Also importantly, **this Motion is unopposed by the Defendant**.

Sealing the records will allow the Plaintiff's family to move forward and avoid further injury that **the Law did not intend**.

4

Your Honor, for the foregoing reasons, I humbly seek the your compassion and considering the unique circumstances my family and I are facing and I respectfully requests that the Court to issue the following Orders:

1. Seal all court records related to this case;
2. Restrict public access to financial and settlement-related filings; and
3. Grant any other relief the Court deems just and proper.

To this end, I have attached a proposed Order to Show Cause and related affidavit and supporting exhibits should you decide them to be necessary.

I would greatly appreciate any instructions you can provide regarding the next step to initiate the motion so that my family and I can get the relief and avoid further injury.

Respectfully submitted,


Qiang "Jay" Hui
4/28/2025

5