```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
QIANG JAY HUI,                                                    :
                                                                  :
                                              Plaintiff,          :      1:24-cv-6788-GHW
                                                                  :
                          -v-                                     :      ORDER
                                                                  :
FEDERAL RESERVE BANK OF NEW YORK,                                 :
                                                                  :
                                              Defendant.          :
                                                                  :
----------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/4/2025

GREGORY H. WOODS, United States District Judge:

On April 30, 2025, Plaintiff filed an application to seal this case in its entirety. Dkt. Nos. 33–35. One distinguishing facet of the American legal system is its commitment to public access to the trial process. This legacy of "open justice" is as old as America itself. *See, e.g.*, *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 590 (1980) (Brennan, J., concurring). Because the plaintiff has not overcome the strong presumption to public access that attaches to judicial documents—including the complaint and the existence of the case itself—the motion to seal the case is DENIED.

## I. BACKGROUND

Plaintiff commenced this action through attorneys on September 6, 2024. Dkt. No. 1. Plaintiff had received a right-to-sue notice from the U.S. Equal Employment Opportunity Commission on June 10, 2024. *See id.* The Court held an initial pretrial conference on November 8, 2024, during which the parties discussed Defendant's proposed motion to dismiss Plaintiff's claims. *See* Dkt. Nos. 10–12. The Court issued a case management plan and scheduling order that same day. Dkt. No. 14. Plaintiff filed an amended complaint on November 15, 2024. Dkt. No. 15. Defendant answered on December 13, 2024. Dkt. No. 20. On January 15, 2025, the Court held a conference to discuss a discovery dispute in the matter, overruling in part and sustaining in part

Plaintiff's objections to Defendant's discovery requests. Dkt. No. 28. On March 10, 2025, the parties informed the Court that this case settled, Dkt. No. 29, and on April 16, 2025, the parties filed a stipulation of voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), Dkt. No. 32.

On April 30, 2025, Plaintiff Qiang Jay Hui filed, *pro se*, a motion to seal the records of this case in its entirety. Dkt. Nos. 33–35. Plaintiff cited "severe reputational damage" due to the public access, which he asserts has resulted in "deep personal and family financial difficulty." Dkt. No. 34 at 1–2.

## II.  LEGAL STANDARD

There is a long-established "general presumption in favor of public access to judicial documents." *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016). The Second Circuit has defined "judicial documents" as documents filed with a court that are "relevant to the performance of the judicial function and useful in the judicial process[.]" *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quotation omitted); *see also Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 620–21 (S.D.N.Y. 2011). The presumption of access is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995).

Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994). "Documents may be sealed if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (quotation omitted); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 141 (2d Cir. 2016) (requiring that a court make specific, rigorous findings before sealing a document or otherwise denying public access). Higher values that may justify the sealing of

documents include national security concerns, attorney-client privilege, law enforcement interests, or the privacy interests of third-parties. *See E.E.O.C. v. Kelley Drye & Warren LLP,* No. 10 Civ. 655 (LTS) (MHD), 2012 WL 691545, at *2 (S.D.N.Y. Mar. 2, 2012) (collecting cases).

"The burden of demonstrating that a document submitted to a court should be sealed rests on the party seeking such action[.]" *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). To meet its heavy burden, the moving party "must offer specific facts demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quotation omitted). "[T]he decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 599 (1978).

In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure. *See* 952 F.3d 51, 59 (2d Cir. 2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, the Court "proceeds to 'determine the weight of the presumption of access to that document.'" *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

### III.   DISCUSSION

Plaintiff has failed to meet his burden to show that this case as a whole should be sealed. "[S]ealing an entire case file is a last resort." *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 604 (S.D.N.Y. 2011) (quoting Judicial Conference of the United States, Judicial Conference Policy on Sealed Cases (Sept. 13, 2011)).

Step one of the Circuit's test is easily satisfied:  the information the plaintiff wants to seal consists of the entire case file, including his complaint and his amended complaint.  A complaint is obviously a judicial document that is both "relevant to the performance of the judicial function and useful in the judicial process[.]"  *Amodeo*, 44 F.3d at 145.  As the Second Circuit explained in *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*,

> [p]leadings plainly meet the Newsday test for reasons that are readily apparent.  "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision."  Moreover, in commencing an action and thus invoking the court's jurisdiction, the parties' substantive legal rights and duties may be affected.  For example, "a large number of lawsuits . . . are disposed of at the motion-to-dismiss stage, where a court determines solely on the basis of the complaint whether the plaintiff has made sufficient factual allegations to state a claim."  The filing of a complaint triggers other legal consequences as well.

814 F.3d at 140 (citations omitted).  And Plaintiff's request goes well beyond the complaint alone— he has requested that all documents created by the parties or the Court in this case be sealed.  Step one of the test is readily satisfied.

With respect to step two, the presumption of public access to the information Plaintiff seeks to shield from the public has extraordinarily substantial weight.  Plaintiff is seeking to shield from the public everything about this case—including decisions by the Court.  The public cannot evaluate the case without having any awareness of its proceedings.  Step two weighs heavily against the plaintiff's request to seal the case as a whole.

Step three of the Circuit's test requires that the Court consider the countervailing interests

that weigh against public disclosure. Plaintiff's privacy and reputational interests do not justify sealing the case in its entirety. Simply put, the harms Plaintiff asserts are no different than the consequences any litigant bringing a public lawsuit in this country faces. The Court is sympathetic to the employment challenges that public record of an employment-related lawsuit can cause. But if the Court were to hold that Plaintiff's concerns regarding his future employment opportunities necessitated sealing an entire case, then any and all plaintiffs bringing employment discrimination claims could similarly seek to hide their cases from the public eye. Additionally, Plaintiff took many steps in this litigation, from seeking a right-to-sue notice, filing a complaint, amending his complaint, contesting Defendant's purported motion to dismiss, to engaging in discovery. Plaintiff should have been aware at all stages of this case that the record of the case was public; yet he chose to pursue his claims nonetheless.

Further, because this case has been public for almost nine months, the harm Plaintiff raises has already manifested in a way that sealing cannot remedy. He asserts that his name "appears in public search results and has been indexed by over ten (10) legal case publication websites." Dkt. No. 34 at 3. Sealing the case now will not delete information stored on third-party websites and databases, and the Court cannot in this action order that others not act on the information already made publicly available. Plaintiff's delay in seeking relief and the fact that the allegedly harmful information is already public weigh against Plaintiff's request to seal this case.

## IV.   CONCLUSION

Because Plaintiff has not rebutted the presumption of public access, his motion to seal this case in its entirety is denied.

SO ORDERED.

Dated: May 4, 2025
       New York, New York

_____
GREGORY H. WOODS
United States District Judge